62 U.S. 103 (1858)
21 How. 103
THE COMMONWEALTH OF PENNSYLVANIA, PLAINTIFF IN ERROR,
v.
WILLIAM RAVENEL, EXECUTOR OF ELIZA KOHNE, DECEASED.
Supreme Court of United States.

*108 It was argued by Mr. Scott and Mr. Hood for the plaintiff in error, and by Mr. Gerhard for the defendant.
*109 Mr. Justice NELSON delivered the opinion of the court.
This is a writ of error to the Circuit Court of the United States for the eastern district of Pennsylvania.
The action was brought by the State of Pennsylvania against the defendant, executor of the late Mrs. Kohne, to recover the sum of $5,820.23, called a collateral-inheritance tax, assessed upon the personal estate of the testatrix. By the law of Pennsylvania, where the property of the deceased passes to his or her collateral heirs, or to strangers, either by the law concerning intestate estates, or by will, it is made subject to a specific taxation for the benefit of the State. This tax is five per centum on the clear value of the estate. (Brightly v. Purdon, p. 138; act 22d April, 1846, sec. 14.) And according to the construction of these acts imposing the tax, it is held, if a decedent be domiciled in the State at the time of his or her death, stocks of other States, or of corporations of other States, and debts due in other States, in the hands of the executors or administrators, are liable to this tax. (4 Harris's Rep., 63; 18 Howard's Rep.)
But if the domicil of the deceased be not in Pennsylvania, then the estate is not subject to the tax.
Mrs. Kohne died in the city of Philadelphia in March, 1852, and the question in the court below was, whether or not she was domiciled in Pennsylvania at the time of her death, or in the State of South Carolina. The jury, under the charge of the court, found a verdict for the defendant.
The case is before us on four exceptions taken to the charge of the court.
The first three it is not material to notice further than to say, that the two first are founded upon a misapprehension of the instructions given to the jury; and the third is not maintainable, as the instruction in the connection in which it is found is unobjectionable.
The fourth exception is, that the court, in the charge, took the fact of domicil from the jury.
*110 This exception, we think, is founded in a misapprehension of the instructions given. The court, after stating to the jury that the question of domicil was one of mixed law and fact, observed, that it was for the court to instruct them what constituted a domicil, and for the jury to apply the principles of law governing it to the facts as found by them; that the jury had no right to disregard the law as laid down by the court, and the court had no right to dictate to them as respected the facts, which they must find on their own responsibility. The court then stated to the jury the principles of law applicable to the question of domicil, to which no exception has been taken. Also, that as it had been admitted Mr. Kohne, the husband, who died in Philadelphia in 1829, had his domicil in Pennsylvania at the time of his death, the domicil of the wife must be taken as in that State at the time, and submitted the question whether or not she had since changed it to the State of South Carolina; and then, after referring to the leading facts given in evidence, and relied on to establish a change of domicil, observed, that if the jury believed this evidence, the domicil of Mrs. Kohne was in South Carolina.
The court further say, that the mere speaking of a place as a home, without any act showing an intention to return to it, would amount to nothing. But if acts and the language concur, as proved by the witnesses in the case, it would be a denial to the deceased of the right to choose her own domicil, not to allow her acts and declarations, continued for many years, to be conclusive of the fact.
We perceive nothing in the instructions of the court, or in the view of the case as presented to the jury, by which the question of domicil, so far as it depended upon the facts, was taken from the jury. The evidence was very strong in support of a change of domicil by Mrs. Kohne after the death of her husband, and, if believed by the jury, it was not too much to say, as matter of law, that they should find for the defendant.
The judgment of the court below is affirmed.
Mr. Justice DANIEL, dissenting.
I cannot concur in the opinion of the court in this case.
*111 Had I been acting as a juror upon the trial of this cause, it is more than probable that the conclusion formed by the jury upon the evidence disclosed by the record is identical with that at which I should have arrived. And, further, had it been within the legitimate province of the court, in the attitude of the case before it, to declare what ought to be the deductions from facts either established in evidence, or presumed or supposed by the court to have been established, or even from facts admitted by the parties on the trial, then exception to the charge of the court in this case could not properly be taken. The objection to the charge, and a fatal objection to my mind, arises from the principle that the court had no authority to pass upon or to give any opinion in relation to facts, either established by testimony or admitted or presumed, as to what those facts amounted to, or as to the correctness or the absurdity of any deduction which the jury might draw from them. The power of the court was limited absolutely to the legality or relevancy of the testimony. The weight or effect of the testimony, or the deductions to be drawn from it, were peculiarly and exclusively within the province of the jury; and the court had no power to inform them, or intimate that evidence, either exhibited in reality or presumed, should be construed in any particular way, or to say to them a priori that an interpretation different from that of the court, as to the weight of evidence, would be absurd. Should the conclusion of the jury upon the weight of evidence be never so absurd, still it is the peculiar province of the jury to weigh that evidence, and to draw their own independent inferences from it; and the only legitimate corrective is to be found in the award of a new trial, or by a case agreed, or a demurrer to evidence. If the court can a priori direct the jury what the evidence, either made out in proof or hypothetically stated, really amounts to, the trial by jury becomes a cumbersome formality, and had as well, nay, had better be dispensed with, inasmuch as in the solemn administration of justice there should be as little that is useless, burdensome, or pretended, as possible. To show the character of that portion of the charge of the court regarded as exceptionable, it is here inserted, as follows, viz:
*112 "If the jury find, that after his death (the death of the husband) she (Mrs. Kohne) returned to her former domicil in Charleston, took possession of the house and servants devised to her, lived in that house six or seven months of every year, calling it her home, spending only a few weeks in the spring and fall in her house here, and the remainder of the summer at watering-places; coming north in the summer for the sake of her health, always intending to return to her house in Charleston; that she was hindered returning the last time from sickness; if she consulted counsel how she might avoid giving any pretence to the tax-gatherers of Pennsylvania to treat her as domiciled here; if she carefully denied at all times her citizenship in Philadelphia, even to erasing it from printed lists of her church donations, as the assertion of a falsehood; if she refused to have some of her furniture removed here, for fear such a fact would be seized upon, after her death, for the purpose of asserting her domicil here; if she called herself, in her will, `of Charleston;' if, when absent from that place, she always spoke of returning to it as her home, and did return to it as such, till hindered by sickness  if the jury believed this evidence of defendant's witnesses, testimony which has not been contradicted or denied, it would be absurd to say her domicil was not where she asserted it to be, to wit, in the city of Charleston."
Regarding this portion of the charge as tending to confound the powers of the court and the jury, I think that the judgment of the Circuit Court should be reversed, and the case remanded for a new trial.